IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCOS OLIVAS CASTILLO,

        Plaintiff,

v.                                                                                                          No. CIV 11-69 LFG/RHS

U.S. DEPARTMENT OF HOMELAND SECURITY,
et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant United States Citizenship and Immigration Services' ("USCIS") "Motion to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, Failure to State a Claim upon which Relief can be Grant[ed]," filed March 25, 2011 [Doc. 5.][1] On April 25, 2011, Plaintiff Marcos Olivas Castillo ("Olivas") filed a response [Doc. 12], and on May 16, 2011, USCIS filed its reply [Doc. 13.] No hearing is required before deciding this motion. After careful consideration of the pleadings, attachments, and pertinent law, the Court concludes that USCIS's motion to dismiss should be granted for the reasons stated below.

### Background

Olivas seeks the release of withheld records in his "administrative file," more specifically records partially redacted by Immigration and Customs Enforcement ("ICE") concerning an

---

[1]On May 26, 2011, Defendants filed a corrected copy of Exhibit D to their brief in support of the motion to dismiss. [Doc. 14.]

investigation into Olivas' alleged fraudulent marriage as it related to immigration issues. [Doc. 1, ¶¶ 1, 17; Doc. 1, Ex. 4; Doc. 6, Ex. A.] He requests a declaration that the requested records are not exempt from disclosure under the Freedom of Information Act ("FOIA"). [Doc. 1, p. 6.]

On about November 30, 2007, Olivas requested copies of the documents from Department of Homeland Security's ("DHS") National Record Center. [Doc. 1, ¶ 11.] The National Records Center is part of the United States Citizenship and Immigration Services ("USCIS"). On December 26, 2007, USCIS wrote Olivas confirming receipt of the FOIA request. [Doc. 1, Ex. 1.] On April 27, 2009, USCIS sent a memorandum to ICE indicating it was enclosing 15 pages of documents (related to Olivas's request) originated by ICE for ICE's review and determination. USCIS noted on the form to ICE that it had no objection to the release of the immigration information, but that ICE was to respond directly to Olivas as to what part of these documents would be released to him. [Doc. 6, Ex. C.] On April 28, 2009, USCIS wrote counsel for Olivas, stating that it had completed the review of all documents and had identified 63 pages which were responsive to the request. USCIS provided 18 pages in their entirety to Olivas and 12 pages that were redacted in part. USCIS withheld 18 pages in full and referred 15 pages to ICE to review. [Doc. 1, ¶ 12; Doc. 14, Ex. D.] The April 28, 2009 letter from USCIS informed Olivas that if he wished to appeal the determination by USCIS, he could do so by writing USCIS within 60 days of the date of the letter. [Doc. 14, Ex. D, p. 2.] Olivas did not appeal the USCIS determination.

On June 19, 2009, ICE wrote to counsel for Olivas, acknowledging receipt of the FOIA request. ICE explained that while processing Olivas's request, USCIS located records that fell under the purview of ICE, including the 15 pages that were referred to ICE for processing. ICE commented that it would attempt to timely respond to Olivas but that there were currently 591 open requests ahead of his. [Doc. 1, Ex. 2.] On August 24, 2009, ICE again wrote to Olivas's attorney,

stating that it determined 8 of the 15 pages could be partially released based on applicable exemptions to disclose and that 7 of the 15 pages were duplicates. [Doc. 1, Ex. 3.] The letter described the exemptions ICE found applicable. Olivas attached the redacted pages to his Complaint; the redacted pages contain minimal information. [Doc. 1, Ex. 3.] On September 23, 2009, Olivas appealed the determination, noting that the provided documents were almost entirely "blacked out." [Doc. 1, Ex. 4.] ICE denied the appeal. [Doc. 1, Ex. 5.]

On January 20, 2011, Olivas filed a Complaint for Declaratory and Injunctive Relief [Doc. 1] against Defendants DHS, Janet Napolitano, Secretary of DHS, ICE, John Morton, ICE Director, USCIS, and Alejandro Mayorkas, USCIS Director. On March 24, 2011, it appears that only ICE filed an Answer to the Complaint. [Doc. 4.] On March 25, 2011, Defendant USCIS brought the present motion to dismiss all claims as asserted against it. The pleadings are somewhat unclear but it appears that neither DHS nor the individual Defendants[2] filed Answers or motions to dismiss. ICE and USCIS are components or departments of DHS.[3] [Doc. 1, ¶¶ 7, 9.] The U.S. Attorney represents all Defendants.

---

[2]Under the Freedom of Information Act ("FOIA") and the Privacy Act, an individual may, under certain circumstances bring a civil action against an agency. However, the agency itself is the only proper defendant in such lawsuits. *See* Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) (dismissing Privacy Act and FOIA claims against individuals because "[b]oth statutes concern the obligations of agencies as distinct from individual employees in those agencies"). *See also* Petrus v. Bowen, 833 F.2d 581, 582 (5th Cir. 1987) ("Neither the FOIA nor the Privacy Act creates a cause of action for a suit against an individual employee of a federal agency.")

[3]On March 1, 2003, the Immigration and Naturalization Service ("INS") was reconstituted as the Bureau of Immigration and Customs Enforcement ("ICE") and the Bureau of U.S. Citizenship and Immigration Services ("BCIS"), both within the Department of Homeland Security ("DHS"). *See* Monter v. Gonzales, 430 F.3d 546, 548 n. 1 (2d Cir.2005).

**USCIS's Motion to Dismiss**

USCIS argues it should be dismissed from this lawsuit for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and alternatively for failure to state a claim under Fed. R. Civ. P. 12(b)(6). [Doc. 6.] Thus, it asks that Olivas's claims against USCIS be dismissed. The result, if granted, is that Olivas' claims proceed against all Defendants, other than USCIS.

In essence, Olivas asserts that USCIS's involvement in the process of disclosing or withholding records from Olivas cannot be separated from that of ICE because both agencies or departments are under the umbrella of DHS. According to Olivas, USCIS's involvement is not a separate and distinct agency action but rather "a part of the long chain of agency workings that took over two years and finally resulted with a decision rendered by Defendant USICE." [Doc. 12, p. 1.] Olivas argues that the allegations against ICE are equally valid against USCIS. Thus, Olivas asks that the motion to dismiss be denied. [Doc. 12.]

**Analysis**

A fundamental purpose of the FOIA is to assist citizens in discovering "*what their government is up to.*" Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989) (emphasis in original). The FOIA strongly favors openness based on policy considerations that an informed citizenry is "vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." Hussain v. United States Dep't of Homeland Sec., 674 F. Supp. 2d 260, 263 (D.C.Cir. 2009) (citations omitted).

FOIA cases typically are decided on motions for summary judgment, where an agency usually must demonstrate that each withheld document falls within an exemption to disclosure or that an agency's search was "reasonably calculated to uncover all relevant documents." Id. at 264. However, in this motion to dismiss, USCIS does not ask the Court to examine the merits of the

FOIA claims or the applicability of exemptions. Instead, USCIS seeks a determination as to whether the Court has subject matter jurisdiction over USCIS, based on the allegations, or whether Olivas stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### I.     Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

Fed. R. Civ. P. 12(b)(1) allows a party to move to dismiss a claim for "lack of jurisdiction over the subject matter."

> There are two types of [R]ule 12(b)(1) motions: facial and factual attacks on jurisdiction. *See* Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995). "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." Id.

Marcussen v. Leavitt, 2005 WL 3664802, *8 (D.N.M. Dec. 19, 2005) (internal citation omitted) (unpublished). If a party challenges the facial sufficiency of a complaint, the Court accepts as true the allegations of the complaint. Holt, 46 F.3d at 1003.

On a factual challenge, the defendant objects to the factual merits of the asserted federal jurisdiction. In other words, while the pleading itself may have alleged federal subject matter jurisdiction, the actual facts and allegations may belie that averment.

> When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). ... Wheeler v. Hurdman, 825 F.2d 257, 259 n. 5 (10th Cir.), *cert. denied*, 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. Wheeler, 825 F.2d at 259 n. 5.

Holt, 46 F.3d at 1003 (internal citations omitted).

Federal jurisdiction under the FOIA "is dependent on showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records'." United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) (*quoting* Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980)). Unless each of the three criteria is met, a district lacks jurisdiction to compel an agency to comply with FOIA's disclosure requirements. *See* 5 U.S.C. § 552(a)(4)(B) (court has jurisdiction to enjoin agency from "**withholding** agency records and to order the production of any **agency records improperly** withheld from the complainant") (emphasis added).

In addition, numerous courts of appeal have interpreted FOIA to require plaintiffs to exhaust administrative remedies before turning to federal courts to enforce their requests and have held that failure to exhaust administrative remedies means the federal court lacks subject matter jurisdiction. In re Steele, 799 F.2d 461, 466 (9th Cir. 1986); Taylor v. Appleton, 30 F.3d 1365, 1367-68, 1370 (11th Cir. 1994); McDonnell v. United States, 4 F.3d 1227, 1240 (3d Cir. 1993).

The Tenth Circuit Court of Appeals has not addressed the FOIA's exhaustion requirement in any published opinions, but, in unpublished opinions, the Court recognized that exhaustion of administrative remedies is required before a plaintiff seeks relief in federal court. *See* Roberts v. Paulson, 263 F. App'x 745, 747-48 (10th Cir. 2008 (affirming dismissal FOIA claim for failure to exhaust) (unpublished); Scherer v. United States Dep't of Educ., 78 F. App'x 687, 690 (10th Cir. 2003) (same) (unpublished).

Here, USCIS argues Olivas's Complaint does not allege that USCIS improperly withheld agency records from Olivas or any wrongful action by USCIS. Instead, the Complaint specifically alleges that the documents at issue were referred to ICE by USCIS and that ICE made the final decision as to what information was provided to Olivas. [Doc. 1, ¶¶ 12, 13.] Olivas's Complaint identifies the "subject of this suit" as the "partially disclosed information of those pages and the

6

other 7 completely withheld pages" about which ICE made disclosure determinations. [Doc. 1, ¶ 13.] In other words, these allegations pertain only to ICE's review of the documents and determination as to what was disclosed in those 15 pages. Indeed, in the referral form from USCIS to ICE, dated April 27, 2009, USCIS checked the box that it had no objection to the release of the information that was referred to ICE for review. [Doc. 6, Ex. C.]

Plaintiff's Complaint does not allege that USCIS's initial search and review of documents was deficient or improper. *Compare* Sussman v. United States Marshals Serv., 494 F.3d 1106, 1109-1110 (D.C. Cir. 2007) (alleging that referring entity performed an inadequate search of records). Olivas does not assert in the Complaint that the USCIS's decision to refer the 15 pages to ICE was unreasonable under the circumstances or that the referring agency failed to make a good faith effort to conduct a proper search. *Compare* Griffin v. Exec. Office for United States Attorneys, et al., __ F. Supp.2d __ , 2011 WL 1211354, *4 (D.D.C. Mar. 31, 2011) (plaintiff argued that agency's search was inadequate; adequacy of FOIA search is guided by principles of reasonableness); *and compare* Hussain, 674 F. Supp.2d at 265 (plaintiff argued USCIS's initial search was incomplete).

In fact, when notified of his right to appeal the USCIS's decision to withhold certain information and refer the 15 pages to ICE, it is undisputed that Olivas did not file an appeal. The only specific allegations Olivas makes against USCIS in the complaint are that USCIS is a component of DHS, USCIS has possession and control over the records sought by plaintiff, USCIS provided a response to the FOIA request on April 28, 2009, and USCIS released several documents to Olivas but withheld the 15 pages it referred to ICE. [Doc. 1.]

There are no allegations of wrongdoing on the part of USCIS. Olivas's Complaint expressly limits allegations of improper actions to ICE. In briefing, Olivas concedes that "the complaint did not allege any wrongdoing by USCIS concerning its disclosure of records." [Doc. 12, p. 3.]

> The disclosure by USCIS is not in question here [sic] therefore no pleadings are necessary regarding anything that did not involve the 15 pages that are the subject of this suit. The subject of this suit are [sic] the 15 pages that were reviewed by USCIS and referred to USICE.

[Doc. 12, p. 3.] Olivas confirms that the subject of the lawsuit is the 15 pages ICE reviewed and redacted in the disclosures. Olivas's allegations of improper withholding of documents challenge only ICE's decisions and actions. Moreover, Olivas appealed ICE's decision [Doc. 1, ¶ 14], but not any actions taken by USCIS.

USCIS's attack on the complaint as to subject matter jurisdiction may be considered a factual attack. Thus, the Court is not required to presume the truthfulness of the complaint's factual allegations. However, in this case, the Court presumes the truthfulness of Olivas's factual allegations as they relate to USCIS and determines it lacks subject matter jurisdiction over USCIS. Olivas's argument to the contrary, *i.e.,* that USCIS is a "link" in a long chain of interrelated agency operations, is unpersuasive and insufficient to demonstrate subject matter jurisdiction under the FOIA.

In addition, there is no question that Title 6 C.F.R. § 5.4 authorizes USCIS to "[r]efer the responsibility for responding to the [FOIA] request regarding that record to the component best able to determine whether to disclose it, or to another agency that originated the record . . . ." "Ordinarily, the component or agency that originated a record will be presumed to be best able to determine whether to disclose it." 6 C.F.R. § 5.4(c)(2). *See* Keys v. Dept. of Homeland Sec., 570 F.Supp. 2d 59, 63-64 (D.D.C. 2008) (if while processing a FOIA request, an agency discovers

responsive records originated with another agency or contain information that originated with another agency, referral of documents to that agency is proper and the second agency makes the determination as to what information is released). Consistent with its authority, ICE rendered the final determination regarding the 15 pages referred to it in accordance with 6 C.F.R. § 5.4, a decision which Olivas appealed.

Olivas did not challenge the referral by USCIS, or it authority to refer the documents. Olivas failed to allege that USCIS "improperly withheld agency records" or information from Olivas. Thus, the Court lacks subject matter jurisdiction over Olivas's claims against USCIS and those claims will be dismissed under Fed. R. Civ. P. 12(b)(1).

The Court does not, however, determine that Olivas's alleged failure to appeal the initial referral decision by USCIS amounted to a failure to exhaust administrative remedies. USCIS concedes that the referral of documents in accordance with 6 C.F.R. § 5.4 is not a final agency determination within the meaning of the FOIA and therefore, it is "not subject to administrative appeal and judicial review." [Doc. 6, p. 3.] For purposes of USCIS's motion, the Court accepts as true Olivas's allegation that he exhausted administrative remedies with respect to his FOIA request.

## II.     Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) allows a party to move for dismissal for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the sufficiency of the pleading, and consequently compels an examination of whether the pleader complied with pleading requirements under Rule 8. Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957). Merely incanting labels, legal conclusions, and the formulaic elements of a cause of

action is not sufficient. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). The claim's allegations against a defendant must "possess enough heft" to show an entitlement to relief. Twombly, 550 U.S. at 557. Pleaders must allege sufficient facts to move beyond the level of speculation, to "nudge[] their claims across the line from conceivable to plausible." Id., at 570.

In accordance with Rule 12(b)(6), the Court accepts as true all well-pleaded facts in the complaint and construes them in the light most favorable to the non-moving party. Pace v. Swerdlow, 519 F.3d 1067, 1073 (10th Cir. 2008). In Twombly, the United States Supreme Court stated that the complaint must plausibly support a claim for relief. Twombly, 550 U.S. at 555-58 (2007). Therefore, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal, 129 S.Ct. at 1949-50.

Based on its judicial experience, and for reasons similar to those discussed at length above, the Court determines that Olivas's allegations against USCIS do not "possess the heft" to show Olivas is entitled to relief against this agency. In other words, because Olivas failed to make any specific allegations of wrongdoing by USCIS, he did not "nudge[] his claim[] across the line from conceivable to plausible." Olivas's reliance on agency relationships and speculative "chain reactions" among those agencies, as well as argument regarding the "peculiar nature of FOIA suits where Plaintiffs fight in the blind" do not affirmatively suggest an actual entitlement to relief as

alleged against USCIS. Therefore, the Court alternatively concludes that the complaint against USCIS should be dismissed for failure to state a claim under Rule 12(b)(6).[4]

## Conclusion

The Court determines that Olivas's complaint against United States Citizenship and Immigration Services shall be dismissed for lack of subject matter jurisdiction and alternatively, for failure to state a claim.

IT IS THEREFORE ORDERED that USCIS's motion to dismiss is GRANTED and that Olivas's complaint, as stated against USCIS, is dismissed, with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[4]Curiously, Olivas never explains why dismissal of USCIS from this lawsuit affects his ultimate request for relief, *i.e.,* that the requested records be made available to him from DHS or ICE.